Submitted on briefs June 5, affirmed June 26, 1917.

## ROBERTS *v.* BODLEY.

(165 Pac. 1172.)

**Evidence—Mental State as Issuable Fact—Declaration as Evidence.**

1. In suit to recover the price of a mare which plaintiff claimed
he sold and delivered to defendant, where plaintiff took the mare to
defendant's farm for trial, and claimed that defendant worked her,
said she would answer, and promised to pay for her, but defendant
contended that when plaintiff went away, they agreed that he would
give the mare a further trial, and return her if she proved unsatis-
factory, testimony that after plaintiff went away the witness said to
defendant: "Are you going to take the animal?" and he answered:
"I am not perfectly satisfied with her. As soon as I get the kale in
I will work her on the hay"—was competent as tending to show de-
fendant's state of mind as to whether the mare suited him, there being
nothing to show that defendant's remark was other than a perfectly
natural and spontaneous expression indicating the state of his mind.

[As to presumption of and burden of proof of insanity, see
note in 140 Am. St. Rep. 347.]

From Clackamas: JAMES U. CAMPBELL, Judge.

This is an action by William P. Roberts against
Donald Bodley, originating in an alleged sale and

purchase of a horse and culminating in a lawsuit. From a verdict in favor of defendant, plaintiff appealed. Affirmed.

In Banc.     Statement by MR. JUSTICE BURNETT.

The plaintiff sues to recover from the defendant $150 alleged to be the reasonable and agreed price to be paid for a mare which the plaintiff says he sold and delivered to the defendant.

The answer denies the whole complaint and avers in substance that the plaintiff offered to sell the mare to the defendant and the latter took her on trial, agreeing to purchase her if she proved satisfactory, but after testing her she proved to be unsatisfactory to him, whereupon he returned her to the plaintiff who has ever since then had possession of her. No reply appears in the abstract. It seems, however, that the case was heard as though issue had been joined on the new matter in the answer.

The only assignment or error argued in the brief is grounded upon the following: It seems that the plaintiff took the animal to the defendant's farm for trial. The contention of Roberts is that the defendant worked her, said she would answer every purpose, and promised to pay for her on the following Saturday or Sunday whereupon the plaintiff left. Bodley maintained that when Roberts went away it was agreed between them that he would give her a further trial and return her if she proved unsatisfactory. The defendant called a witness named Kelliker who testified that he was present on that occasion and while the defendant was driving the mare hitched with another horse to a disc harrow the witness said to Roberts: "That is a pretty fair animal." Rob-

erts answered: "It is gentle but has not been worked for some time." He then testified that the defendant drove up and when the witness asked him, "Are you going to take the mare?" Bodley replied, "Well, I will have to try her out, and if she proves satisfactory to me I might then." All this conversation took place in the presence of the plaintiff and no objection was made to that, but the Court allowed the witness further to testify about what was said after Roberts had gone away: "Then I went on helping to plant kale and Don [meaning Bodley] went on around a few more times and Mr. Roberts went away, and I said to Don, 'Do you think you will take the animal?' " The objection to the testimony as narration of something said in the absence of the plaintiff having been overruled, the witness continued: "So Mr. Roberts went away and I said to Don, 'Are you going to take the animal?' and he said, 'I am not perfectly satisfied with her. As soon as I get the kale in I will work her on the hay.' " The admission in evidence of Bodley's answer to Kelliker's query propounded in the absence of Roberts constitutes the only fault urged by the plaintiff against the proceedings at the trial. The jury returned a verdict for the defendant. The plaintiff appeals from the resulting judgment.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief by *Mr. C. D. Purcell* and *Mr. B. N. Hicks.*

For respondent there was a brief over the name of *Mr. George Tazwell.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It was in issue before the jury whether the mare suited the defendant. This involved the state of his mind on that subject and the question is whether the declarations of the defendant to the witness Kelliker are competent for the proof of that matter. The plaintiff cites in support of his attack upon the ruling of the court *Sullivan* v. *Oregon R. & N. Co.,* 12 Or. 392 (7 Pac. 508, 53 Am. Rep. 364), and *Fredenthal* v. *Brown,* 52 Or. 33 (95 Pac. 1114). In the Sullivan Case the plaintiff sued to recover damages for a hurt received by him when ejected from one of the defendant's trains. After having testified to the matter in question himself he called a witness who stated in substance that two or three minutes after the train in question had passed he heard someone call out and on going to the spot he found the plaintiff who said in effect, answering an inquiry of the witness about what was the matter, that the conductor pushed him off or threw him off the train. This court rejected that testimony as not being part of the *res gestae.* In the Fredenthal Case the plaintiff was hurt by the fall of a sling-load of lumber during the loading of a ship upon which he was working as a stevedore. As imputing blame to the defendant, the plaintiff offered the statement of the engineer in charge of the donkey engine used in handling the lumber in purport that he could not hold the load with the machine then in use. In both these cases the effort was to prove the principal fact in dispute by testimony which was not part of the *res gestae.* An act apparent to the senses and capable of description was the subject of inquiry in each of those cases. The subsequent declarations were not part of that act and lacked the spontaneity

necessary to make them so.   Here the fact sought to
be established, although vital to the defendant's case,
is the state of mind of the defendant, whether of sat-
isfaction or dissatisfaction with the mare alleged to
have been sold to him.   The phenomena by which
mental conditions are usually ascertained are the
words and actions of the individual whose mind is un-
der consideration.   Indeed there is but little else avail-
able primary proof in such a case.   If what he says is
spontaneous and devoid of malingery, it is received
as original evidence to aid the jury in ascertaining
the ultimate fact in dispute which, in this instance,
was the state of Bodley's mind, whether satisfied or
not with the quality of the animal.   Much depends
on the circumstances of each case.   The trial judge
is vested with discretion in the premises to reject as
self-serving those expressions uttered so remotely as
to give them the flavor of being manufactured for the
occasion and to receive those manifestly spontaneous
as indicative of the true mental situation under scru-
tiny.

The matter of the admissibility of the declarations of
one whose attitude of mind at the time is being con-
sidered was exhaustively treated by Mr. Justice
HARRIS, a writer of one of the majority opinions in
*State* v. *Farnum,* 82 Or. 211 (161 Pac. 417).   The de-
fendant there was accused of murdering Edna Mor-
gan.   It was necessary to prove that she met him and
went with him to a barn where her dead body was
afterwards found.   Witnesses were permitted to state
that during the afternoon before her disappearance
she refused to go home with them because, as she said,
"she could not as she thought Roy [meaning the de-
fendant] was coming down."   This testimony was
assailed by the defendant on the ground that it was

84 Or.—41

hearsay, not part of the *res gestae,* and that the declaration of the girl was made not in his presence. After an extended review of the authorities on that side of the question the discussion is summed up thus:

"If the doing of an act is a material question, then the existence of a design or plan to do that specific act is relevant to show that the act was probably done; and, considering the plan or design as a condition of the mind, a person's own statements of a present existing state of mind, when made in a natural manner and under circumstances dispelling suspicion and containing no suggestion of sinister motives, only reflect the mental state, and therefore are competent to prove the condition of the mind, or, in other words, the plan or design."

In the instant case the talk between Kelliker and the defendant was virtually a continuance of the conversation begun in the presence of the plaintiff although at the moment he had left the scene. There is nothing to show that it was other than a perfectly natural and spontaneous expression on the part of the defendant indicating the state of his mind on the subject of whether he was satisfied with the animal. On the hypothesis that the doctrine elucidated by Mr. Justice HARRIS is sound law in a case where the lifelong liberty of the defendant was involved, it is controlling in a horse trade where the plaintiff still has the horse and the defendant retains the purchase money. The judgment is affirmed.     AFFIRMED.